Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (SBN 256599)
**THE LAW OFFICES OF DEVIN H. FOK**
P.O. Box 7165
Alhambra CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
devin@devinfoklaw.com

Leonard A. Bennett (*pro hac vice forthcoming*)
Matthew J. Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**GARY L. SMITH, JR., on behalf of himself and all others similarly situated,**

**Plaintiff,**

**vs.**

**HARBOR FREIGHT TOOLS USA,** INC.,

**Defendant.**

2:13-cv-06262- JFW____________

**NOTICE OF RELATED CASE AND REQUEST FOR RELATED-CASE TRANSFER**

JURY TRIAL DEMANDED

**NOTICE OF RELATED CASE**

In compliance with Local Rule 83-1.3, Plaintiff hereby gives notice to the Court of the existence of a related case to which this case should properly be transferred and consolidated. On September 14, 2012, the action entitled *John Doe v.*

*A-Check America, Inc., et. al* ("*Doe*"), was removed to this District and assigned case no. 2:12-CV-07960-MMM (AGR).[1] As fully discussed below, as established by Local Rule 83-1.3, this case is related to *Doe* and should therefore be transferred to that court and consolidated with *Doe* for resolution before the same judge.

**STATEMENT OF FACTS**
**SUPPORTING TRANSFER AND CONSOLIDATION**

Transfer of this Action to Judge Morrow's Court for consolidation with the *Doe* matter is entirely appropriate for several reasons. As set forth in Local Rule 83-1.3, cases are properly related if they appear:

> (a) To arise from the same or a closely related transaction, happening or event; or
>
> (b) To call for determination of the same or substantially related or similar questions of law and fact; or
>
> (c) For other reasons would entail substantial duplication of labor if heard by different judges; . . . .

L.R. 83-1.3. Here, any of these grounds independently supports relating and consolidating this case with *Doe*. Taken, together, these factors virtually compel that outcome.

**I. The Two Cases Arise From the Same Transaction or Event**

As set forth in the *Doe* Complaint, Gary L. Smith, the identical Plaintiff here, applied for work with Harbor Freight Tools in November, 2011. (Ex. 1, *Doe* First Am. Compl. ("FAC") ¶ 28; *see also* Ex. 2, Declaration of Autumn Clemmens in Support of A-Check America Inc.'s Motion for Summary Judgment filed in *Doe* ¶¶ 3–4 and Ex. A (identifying the individual who applied at Harbor Freight Tools as Gary L. Smith).) Harbor Freight interviewed him and obtained a background check

[1] Although *Doe* was settled and dismissed on August 29, 2013, transfer is still appropriate because Local Rule 83-1.3 expressly contemplates relating a case to one that has been resolved, as it explains that the notice of related cases may target "any action previously filed or *currently pending*." L.R. 83-1.3.1 (emphasis added).

from A-Check for Harbor Freight to use in its hiring decision. (Ex. 1, *Doe* FAC ¶ 29.) A-Check, at Harbor Freight's request, created Plaintiff's consumer report and then, nearly instantaneously thereafter, adjudicated Plaintiff as ineligible for hire with Harbor Freight because of information contained in his background report. (*Id.* ¶¶ 30–31.) Notably, A-Check's report about Plaintiff contained information that should have been excluded from the report because of its age, reported a single criminal case as two separate counts, and misreported the sentence of that single count. (*Id.* ¶¶ 34–39.) Harbor Freight did not hire Plaintiff, and he sued A-Check alleging, among other things, A-Check's failure to: (1) follow Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA") strictures for accuracy in creating reports (*id.* ¶¶ 41–43, 53–55); (2) properly reinvestigate Plaintiff's dispute about the inaccuracies in his A-Check report (*id.* ¶¶ 46–51, 59–62); and (3) ensure it obtains the proper certification for releasing reports for employment purposes. (*Id.* ¶¶ 64–66.)

Similarly, the Complaint here explains the relationship between A-Check and Harbor Freight, as both were directly involved in Plaintiff's application for employment. Plaintiff sought work at Harbor Freight's Long Beach location, and Harbor Freight used as part of its application process a standardized form to obtain Plaintiff's permission to procure a background report on him. (Dkt. No. 1 ¶¶ 21–24.) A-Check, the Defendant in the *Doe* case, provided Harbor Freight with the form authorization while also purporting to maintain responsibility for its content. (*See id.* ¶ 17 ("This form is the property of A-Check America, Inc. No alterations to its content may be made without the prior written consent of its author.").) Further, A-Check provided, on behalf of Harbor Freight, certain notices that are required of employers when they refuse to hire or discharge workers based on information contained in consumer reports like the one about Plaintiff that A-Check provided Harbor Freight. (*Id.* ¶¶ 26–28.) In addition, Plaintiff also alleges (as he did in *Doe*), it

was actually A-Check, not Harbor Freight itself, who made the decision that Plaintiff was disqualified from employment at Harbor Freight because of information contained in Plaintiff's A-Check background report. (*Id.* ¶¶ 30–31.)

The claims Plaintiff makes in this case arise from the identical transaction or event as did his claims in the *Doe* case—his application for and rejection of employment with Harbor Freight. The actions of A-Check and Harbor Freight are so completely intertwined, including A-Check's provision of authorization forms and background checks to Harbor Freight, as well as A-Check's decisions—on Harbor Freight's behalf—that consumers like Plaintiff are ineligible for employment with Harbor Freight, that the *Doe* court is the proper court to hear this case. Indeed, given the facts and Parties, it is difficult to imagine two cases that are more closely aligned as this Action and *Doe*. Accordingly, this case should be transferred to the *Doe* court for consolidation and further litigation.

## II. This Action and *Doe* Require Determination of the Same Questions of Law and Fact

Aside from the fact that this case arises from the same transaction as *Doe*, it should be transferred and consolidated with *Doe* because of the legal and factual similarities of the two cases. In *Doe*, Plaintiff asserted various claims under the Fair Credit Reporting Act FCRA, CCRAA, and California's Investigative Consumer Reporting Agencies Act ("ICRAA") related to the use of background checks for employment purposes. Specifically, Plaintiff alleged in *Doe* that he applied for and was offered employment with Harbor Freight, A-Check provided Harbor Freight with a consumer report about him, and A-Check made a hiring decision for Harbor Freight based on the inaccurate contents of Plaintiff's report. (Ex. 1, *Doe* FAC ¶¶ 28–31.) Plaintiff further alleged that, as a result of A-Check's treatment of his background information in the employment context, A-Check failed to meet the requirements of the FCRA, CCRAA, and ICRAA regarding the accuracy of the information contained

in his report, the dispute procedures it enlisted, and through its failure to properly notify the subjects of reports about their rights under California law. (*Id.* ¶¶ 40–74.)

Just as in the *Doe* matter, this case alleges violations of the FCRA and CCRAA relating to the use of background checks for employment purposes, but focuses instead on the employer, Harbor Freight, rather than the provider of those reports. (Dkt. No. 1 ¶¶ 38–46.) Despite that difference, however, the Court that hears this case will still answer substantially similar questions of law and fact, such as: (1) whether the FCRA and CCRAA apply to Harbor Freight's conduct, (2) whether Harbor Freight's conduct constitutes a violation of the FCRA and CCRAA as Plaintiff alleges, (3) whether those violations were willful such that statutory and punitive damages would be appropriately awarded, and (4) whether A-Check's failure to provide proper FCRA notice on behalf of Harbor Freight is attributable to Harbor Freight. These legal and factual questions closely mirror those at issue in *Doe*, making transfer to the *Doe* court appropriate under the circumstances.

Further, Plaintiff has substantial basis to believe that there is an existing indemnification relationship between Harbor Freight and A-Check, which will necessarily require the inclusion of A-Check in any mediation or settlement discussion between Plaintiff and Harbor Freight. Relation and even consolidation of the cases will best enable this process. Accordingly, the Court should order this case transferred to Judge Morrow's court for litigation on the same track as was *Doe.*

## III. There Would Be a Substantial Duplication of Effort If This Court Heard This Case

The *Doe* case was on file in Judge Morrow's Court for more than eleven months, and A-Check asserted both a motion to dismiss and a motion for summary judgment. (*See* Ex. 3, *Doe* Dkt. Sheet at Dkt. Nos. 7, 15, 36.) Plaintiff fully expects to engage in at least that level, if not more, of motion practice in this case, and Judge Morrow's familiarity with the facts, issues, and provisions of the FCRA and CCRAA

asserted in *Doe* will bring valuable insight into the determination of those motions and the additional questions that will undoubtedly arise in this case. On the other hand, this Court will have to begin fresh, without earlier knowledge of the facts and Parties at the center of this dispute, requiring effort that Judge Morrow will not have to undertake in order to be familiar with the case from the very start. Under Rule 83-1.3, this duplication of effort is sufficient grounds to warrant transfer of the case to Judge Morrow's court.

## IV. Conclusion

While this Court is no doubt capable of presiding over this case through resolution, Rule 83-1.3 requires that the case be transferred to the Judge Morrow's court, where litigation over Plaintiff's application for employment with Defendant Harbor Freight began. Judge Morrow oversaw the companion case against the reporting agency that provided the report on which Harbor Freight's employment decision was made, putting her in a unique position to efficiently preside over this case as well. Accordingly, the Court should order this case transferred to Judge Morrow's court for consolidation with the *Doe* case.

Date: September 5, 2013

Respectfully submitted,

**CADDELL & CHAPMAN**

/s/Michael A. Caddell

Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (SBN 256599)
**THE LAW OFFICES OF DEVIN H. FOK**
P.O. Box 7165
Alhambra CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
devin@devinfoklaw.com

Leonard A. Bennett (*pro hac vice forthcoming*)
Matthew J. Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

***Attorneys for Plaintiff***