Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Devin H. Fok (SBN 256599)
**THE LAW OFFICES OF DEVIN H. FOK**
P.O. Box 7165
Alhambra CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
devin@devinfoklaw.com

Leonard A. Bennett (*pro hac vice forthcoming*)
Matthew J. Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| GARY L. SMITH, JR., on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>　　　　　**Defendant.** | 2:13-cv-06262- JFW_____<br><br>**NOTICE OF RELATED CASE AND REQUEST FOR RELATED-CASE TRANSFER**<br><br>JURY TRIAL DEMANDED |

# EXHIBIT 1

FILED

2013 JAN -7 AM 10: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
JOHN DOE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE,

    Plaintiff,

vs.

A-CHECK AMERICA, INC., a California corporation, and DOES 1-10 inclusive,

    Defendants.

CASE NO.: CV-12-7960-MMM (AGRx)

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

1. 15 U.S.C. §1681e
2. 15 U.S.C. §1681i(a)
3. Cal. Civ. Code §1786.20
4. Cal. Civ. Code §1786.24
5. Cal. Civ. Code §1786.12(e)
6. Cal. Civ. Code §1786.28(a)
7. Cal. Civ. Code §1786.29(a) and (b)

**JURY TRIAL DEMANDED**

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

Plaintiff JOHN DOE (hereafter as "Plaintiff") complains against Defendants A-CHECK AMERICA, INC. and DOES 1-10 inclusive (collectively as "Defendant" or "A-CHECK"), and alleges as follows:

## NATURE OF THE ACTION

1. It is estimated that one in four adults in the United States have a criminal record of some kind, and ninety-three percent of all employers routinely obtain background check reports on prospective and existing employees. For job applicants, having a "clean" background check if often a condition for employment.

2. Criminal background check companies have assumed an important role in this process, as they are relied on both employers and job applicants to provide relevant, accurate, complete, and up-to-date information regarding job applicants' criminal record.

3. In light of this important role that background check companies have assumed, both the Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) and the California legislature (through the Investigative Consumer Reporting Agencies Act ("ICRAA") under Cal. Civ. C. §1786 *et seq.*) have enacted comprehensive legislation regulating the procurement and issuance of background check reports. In enacting these laws, legislators have recognized that "[i]nvestigative consumer reporting agencies have assumed a vital role" and that "there is need to insure that investigative consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. C. §1786; *see also* 15 USC §1681(a).

4. Both the FCRA and the ICRAA require a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. Under 15 USC §1681e(b) and Cal. Civ. C. §1786.20(b) a background check company "shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." (Emphasis added).

5. In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain ***strict procedures*** designed to insure that…[the information reported] is complete and up to date." 15 USC §1681k(a)(2); Cal. Civ. C. §1786.28(b) (emphasis added).

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

6. In addition to the procedurals safeguards, the ICRAA also prohibits background check companies from reporting obsolete or irrelevant information including criminal records that "from the date of disposition, release, or parole, antedate the report by more than seven years." It also prohibits reporting information "if at any time is learned that… a conviction did not result." Cal. Civ. C. § 1786.18(a)(7).

7. Defendant was well aware of the statutory mandate but nevertheless utilizes a system that it knows would systematically violate the FCRA, the ICRAA, or both.

8. As a result of Defendant's intentional, knowing, and/or reckless violation of the statutes as further described below, Plaintiff was injured, including but not limited to, by the loss of valuable employment opportunities.

9. Plaintiff seeks actual damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

## THE PARTIES

1. Plaintiff is, and at all times relevant herein was, a resident of the County of Los Angeles in the State of California.

2. Defendant A-CHECK AMERICA, INC. is and at all times herein mentioned was, a California entity doing business in California.

3. Defendant is an entity regulated under both the FCRA and the ICRAA.

4. For purposes of the FCRA, Defendant is a "consumer reporting agency" as defined under 15 USC §1681a(f) because it is a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

5. A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is

used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for....employment." 15 USC §1681a(d) (emphasis added).

6. For purposes of the ICRAA, Defendant is an "investigative consumer reporting agency" as defined under Cal. Civ. C. §1786.2(d) because it is a "person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing ***investigative consumer reports*** to third parties..." (Emphasis added).

7. An investigative consumer report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means..." Cal. Civ. C. §1786.2(c).

8. Defendant' reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, Defendant's reports typically include information regarding criminal histories of the subject consumers.

9. Defendants sell background check reports to, among others, prospective employers. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

10. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

11. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

12. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. The cause of action arose in the County of Alameda in the State of California.

## //GENERAL ALLEGATIONS

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

13. One of Defendant's core businesses is to provide criminal background checks to employers seeking to hire job applicants. Among its service offerings, it provides "instant" background checks that promises "FCRA compliance." (http://www.acheckamerica.com/media/1360/background-screening-turnaround-times.pdf, last viewed June 8, 2012). (Attached as Exhibit "1").

14. Plaintiff brings this action because, in fact, Defendant's policies and procedures fail to meet the standard of accuracy and fairness mandated by the FCRA and the ICRAA and routinely report criminal history information that is obsolete, inaccurate, incomplete, or not up to date.

15. Defendant maintains an instant background check system and routinely reports criminal history information purchased from a third party furnisher without first verifying the accuracy of the information prior to re-reporting them to the information.

16. Criminal history information from these third party databases are often purchased in bulk containing millions of criminal records which often contain information that is inaccurate, incomplete, and/or not up to date.

17. Reporting information from such databases without timely verification is in clear violation of the FCRA and the ICRAA's mandate on using reasonable procedures to insure the maximum possible accuracy of the information and to use strict procedures to ensure that the reported public records information is complete and up to date. (*See* 15 USC §§1681e(b); 1681k(a) and Cal. Civ. C. §§1786.20(b); 1786.28(b)).

18. Defendant knew that reporting criminal history information pulled from these databases instantly and without timely verification of the information is in violation of the FCRA. Defendant admits on its website that "while a National Criminal File search is completed instantly, *further investigation* may be required to meet FCRA compliance for use in employment decision-making." (Emphasis added). (http://www.acheckamerica.com/media/1360/background-screening-turnaround-times.pdf, last viewed June 11, 2012).

19. Rather than taking steps to ensure compliance by verifying the information prior to disclosure, Defendant nevertheless reports criminal history information instantly but relies on the disclosure on its report that:

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

> "To ensure FCRA compliance, do not make an employment decision based on this preliminary report, as it may contain pending components that have not been reviewed by A-Check's Quality Control and Compliance Department."

20. Thus, Defendant demonstrably knew that further investigation is required whenever it reports criminal history information to the employer and that employer should not make employment decisions based on unverified information. Nevertheless, Defendant routinely and systematically reports unverified criminal history information *instantaneously* to the employer at the moment of inquiry, prior to completion of such further investigation.

21. To add to an already knowing and egregious violation of the FCRA and the ICRAA, Defendant routinely provides an "adjudication service" to employers purporting to "adjudicate" the fitness of the candidate for the employment position based on the unverified criminal history information obtained from its databases.

22. Defendant also renders this "adjudication" instantaneously and without verification of the accuracy of the criminal history prior to adjudicating the candidate's fitness for the position. This is a fee-based service offered by Defendant purchased by employers. Plaintiff is informed and believes that employers in fact use Defendant's adjudication as the basis of denial of employment to consumers.

23. On its website, Defendant touts the "Adjudication Service" as the "most popular option." (http://www.acheckamerica.com/services/adjudication-services/adjudication-options.aspx, last viewed June 11, 2012) It purports to streamline the employer's hiring decision by using a pre-determined set of criteria "to decide whether an applicant fits within [the employer's] hiring guidelines.

24. Defendant's adjudication is also frequently and routinely based on prohibited information. Under the ICRAA, Cal. Civ. C. §1786.18(a)(7), records of conviction that are older than seven years may not be reported by a background check company. Rather than complying with the unambiguous reading of the statute, Defendant routinely reports records that are disposed beyond the seven-year period and where the service is utilized, renders adjudications to employers based on such information.

25. The widespread reporting of old and obsolete criminal history information severely limits employment opportunities for many adults in the United States who have some sort of criminal record.

26. The widespread use of criminal background checks set up individuals with criminal records for failure. Research demonstrates that the single greatest predictor of recidivism is the lack of stable employment.[1] Moreover, "providing individuals with opportunity for stable employment actually lowers crime recidivism rates and thus increases public safety."[2]

27. Thus, to the extent that Defendant routinely reports prohibited information and routinely adversely adjudicates an applicant's fitness for the employment position based on statutorily-prohibited information, it is not only contrary to California law but also acts contrary to public policy.

## PLAINTIFF JOHN DOE

28. On or about November , 2011, Plaintiff applied to Harbor Freight Tools (hereafter as "Harbor") for a Customer Representative and Sales position. This position does not involve driving.

29. Harbor interviewed Plaintiff and determined that he was qualified for the position. Harbor forwarded Plaintiff's identifying information to Defendant to conduct a criminal history background check.

30. The request for background check was submitted through a web-based application on or about November 7, 2011 at 2:30 p.m. The result of the background check was reported instantaneously to Harbor upon request.

31. Along with the disclosure of Plaintiff's unverified records, Defendant also adjudicated that Plaintiff "DOES NOT MEET COMPANY STANDARDS."

32. Plaintiff is informed and believes that Defendant could not and did not obtain Plaintiff's official court records from the Los Angeles Superior Court to verify the accuracy of the reported information prior to disclosure, because the report was generated and provided contemporaneously with the request.

33. In fact, Defendant did not attempt to obtain Plaintiff's records until April 23, 2012 in anticipation of litigation after Plaintiff's attorney made a request for "full file disclosure" pursuant to 15 U.S.C. §1681g(a)(1) and Cal. Civ. C. §1786.10(c).

---

[1] Christopher Uggen, *Work as a Turning Point in the Life Course of Criminals: A Duration Model of Age, Employment and Recidivism,* 67 Am. Sociological Rev. 529 (2000)
[2] Michelle Natividad Rordriguez & Maurice Emsellem, The Nat'l Employment Law Project, 65 Million Need Not Apply, The Case for Reforming Criminal Background Checks for Employment (Mar. 2011), p. 5.

FIRST AMENDED COMPLAINT FOR DAMAGES - 7

34. On Plaintiff's report, Defendant disclosed information related to Case No. LAM2MT0569-01 where Plaintiff was charged and convicted of one count of driving under the influence and one count of hit of run. The conviction or disposition date of this offense was January 08, 2003. The report was issued on November 7, 2011 which was more than 7 years from the date of the report. However, based on probation violations that occurred within the 7-year period, Defendant wrongfully and illegally reported Plaintiff's criminal history information including information related to the original conviction which was disposed more than 7 years prior to the date of the report and the subsequent probation violations related to the case.

35. On its report, Defendant reported the two counts separately, with different sentencing and probation information and with the same prominence as to misleadingly give the reader an impression that it was two separate crimes.

36. Moreover, Defendant reported Case No. LAM5MT06829-01 for "driving under the influence of alcohol or drugs bac.0[sic]". Plaintiff was given summary probation for a period of 6 days.

37. Under Cal. Pen. C. §1203, summary probation is defined as a conditional sentence that does not involve supervision by a probation officer.

38. On its report, Defendant disclosed that Plaintiff was sentenced to "60 months probation" rather than 6 days summary probation thereby misleading as to the severity of the crime and punishment.

39. As a direct and foreseeable result of Defendant's wrongful conduct, Plaintiff lost a valuable employment opportunity.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act, 15 U.S.C §1681e)

40. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

41. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

42. Upon information and belief, Defendant does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

43. Defendant's violations were willful and/or grossly negligent because Defendant (1) was aware of its obligations under the FCRA; (2) was aware of how to obtain and report accurate information; (3) was fully capable of obtaining and reporting accurate information; but (4) nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act 15 U.S.C §1681i)

44. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

45. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

46. On or about May 9, 2012, Plaintiff submitted a demand letter to Defendant's In-House Counsel relating to the various violations of the FCRA and the ICRAA relating to the subject background check report issued by Defendant on or about November 7, 2011.

47. Plaintiff's demand letter specifically stated that it also served as a written dispute "pursuant to Cal. Civ. C. §1786.24 and 15 USC §1681i."

48. Upon information and belief, Defendant also has not maintained and currently does not maintain reasonable procedures to resolve consumer disputes as required under 15 U.S.C. §1681i.

49. To date, Defendant has wholly failed to comply with the dispute resolution requirements as set forth under Cal. Civ. C. 15 U.S.C. §1681i.

50. Specifically, Defendant failed to conduct any reinvestigation as mandated under 15 U.S.C. §§1681i(a)(1)(A) and (B); failed to promptly notify any person who provided any item of information in dispute as mandated under 15 U.S.C. §§1681i(a)(2)(A) and (B); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under 15 U.S.C. §§1681(a)(3) and (6); failed to promptly delete or modify inaccurate or unverifiable information as mandated by 15 U.S.C. §1681i(a)(5); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information; failed to provide a description of reinvestigation procedure as mandated under 15 U.S.C. §1681i(a)(7); failed to notify the fact of

the dispute pursuant to 15 U.S.C. §1681i(c), and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to 15 U.S.C. §1681i(d).

51. Defendant's violations were willful and/or grossly negligent because Defendant (1) was aware of its obligations under the FCRA; (2) was aware of how to obtain and report accurate information; (3) was fully capable of obtaining and reporting accurate information; but (4) nonetheless consciously elected to disregard its obligations.

## THIRD CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.20)

52. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

53. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

54. Upon information and belief, Defendant also not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, and it is in violation of Cal. Civ. C. §1786.20(b).

55. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## FOURTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.24)

56. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

57. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

58. On or about May 9, 2012, Plaintiff submitted a demand letter to Defendant's In-House Counsel relating to the various violations of the FCRA and the ICRAA relating to the subject background check report issued by Defendant on or about November 7, 2011.

59. Plaintiff's demand letter specifically stated that it also served as a written dispute "pursuant to Cal. Civ. C. §1786.24 and 15 USC §1681i."

60. Upon information and belief, Defendant has not maintained and currently does not maintain reasonable procedures to resolve consumer disputes as required under Cal. Civ. C. §1786.24.

61. Specifically, Defendant failed to conduct any reinvestigation as mandated under Cal. Civ. C. §1786.24(a); failed to promptly notify any person who provided any item of information in dispute as mandated under Cal. Civ. C. §1786.24(b); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under Cal. Civ. C. §§1786.24(d) and (g); failed to promptly delete or modify inaccurate or unverifiable information as mandated by Cal. Civ. C. §1786.24(e); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information as mandated by Cal. Civ. C. §1786.24(n); failed to provide a description of reinvestigation procedure as mandated under Cal. Civ. C. §1786.24(g) ; failed to notify the fact of the dispute pursuant to Cal. Civ. C. §1786.24(j) , and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to Cal. Civ. C. §1786.24(k).

62. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## FIFTH CAUSE OF ACTION
**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.12(e))**

63. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

64. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

65. Upon information and belief, Defendant also has not obtained and currently does not obtain a proper certification under Cal. Civ. C. §1786.12(e) from an employer prior to issuing an investigative consumer report to the employer.

66. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## SIXTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.28)**

67. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

68. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

69. Upon information and belief, Defendant also has not disclosed and currently does not disclose on investigative consumer reports that it furnishes to users, the source from which the consumer information was obtained, including the *particular court* and the date that the information was initially reported or publicized.

70. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## SEVENTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.29)**

71. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-39, inclusive.

72. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

73. Upon information and belief, Defendant also has not provided and currently does not provide the following notices on the first page of an investigative consumer report it furnishes to users, including the subject report:

    a.    That the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity may be inaccurately associated with the consumer who is the subject of the report.[3]

    b.    An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

74. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

[3] A compliant notice must also be in at least 12-point boldface type.

FIRST AMENDED COMPLAINT FOR DAMAGES - 13

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a declaration that Defendants' practices violate the FCRA, 15 United States code §1681 *et seq.*; ICRAA, California Civil Code §1786 *et seq.*
2. For compensatory, special, general and punitive damages according to proof against all Defendants;
3. For interest upon such damages as permitted by law;
4. For an award of reasonable attorney's fees provided by law under all applicable statutes;
5. For the costs of suit;
6. For injunctive relief; and
7. For such other orders of the Court and further relief as the Court deems just and proper.

DATED: January 7, 2013

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorney for Plaintiff JANE ROE

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: January 7, 2013

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorney for Plaintiff JANE ROE