Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Devin H. Fok (SBN 256599)
**THE LAW OFFICES OF DEVIN H. FOK**
P.O. Box 7165
Alhambra CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
devin@devinfoklaw.com

Leonard A. Bennett (*pro hac vice filed*)
Matthew J. Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GARY L. SMITH, JR., on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>　　　　　Defendant. | No. 2:13-cv-06262-JFW-VBK<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Case filed: Aug. 27, 2013<br><br>Hearing date: Jan. 13, 2014, 1:30 pm<br>Hon. John F. Walter |

# **TABLE OF CONTENTS**

I.   DEFENDANT'S TECHNICAL ARGUMENTS DO NOT
     SUPPORT DENIAL OF PLAINTIFF'S MOTION ...............................................1

     A.   Plaintiff's Motion Is Timely.......................................................................1

     B.   Plaintiff Complied with Local Rule 7-3 Before Filing His Motion..........2

II.  CLASS CERTIFICATION IS APPROPRIATE HERE ....................................3

     A.   The Proposed FCRA Class Is Ascertainable..............................................3

     B.   Plaintiff Supports His Class Allegations with Sufficient Evidence..........4

     C.   The Proposed FCRA Class Meets the Numerosity Standard....................5

     D.   Plaintiff's Claims Are Typical of FCRA Class Members' Claims...........7

     E.   Plaintiff is an Adequate Class Representative ...........................................7

     F.   Harbor Freight Does Not Rebut Plaintiff's Showing of
          Commonality ................................................................................................8

     G.   The Damages Inquiry Will Be Classwide ..................................................9

     H.   A Class Action is the Superior Way of Resolving Plaintiff's
          Claims.........................................................................................................11

III. CONCLUSION...............................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Agne v. Papa John's Int'l, Inc.*,
  286 F.R.D. 559 (W.D. Wash. 2012) ...........................................................10, 11

*Astiana v. Kashi Co.*,
  291 F.R.D. 493 (S.D. Cal. 2013) ........................................................11

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1995) ........................................................8

*Donovan v. Phillip Morris USA, Inc.*,
  268 F.R.D. 1 (D. Mass. 2010) ........................................................3

*Dunnigan v. Metro. Life Ins. Co.*,
  214 F.R.D. 125 (S.D.N.Y. 2003)........................................................3

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ........................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ........................................................8

*Holman v. Experian Info. Solutions, Inc.*,
  No. C 11–0180 CW, 2012 WL 1496203, at *1
  (N.D. Cal. Apr. 27, 2012) ........................................................10

*Ikonen v. Hartz Mountain Corp.*,
  122 F.R.D. 258 (S.D. Cal. 1988) ........................................................5

*In re Cooper Cos. Inc. Sec. Litig.*,
  254 F.R.D. 628 (C.D. Cal. 2009)........................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  267 F.R.D. 583 (N.D. Cal. 2010) ........................................................3

*Jordan v. Los Angeles County*,
  669 F.2d 1311 (9th Cir. 1982) ........................................................6

*Monterrubio v. Best Buy Stores, L.P.*,
    291 F.R.D. 443 (E.D. Cal. 2013)...............................................................5, 7

*O'Connor v. Boeing N. Am. Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998)..................................................................3

*O'Connor v. Boeing N. Am., Inc.*,
    197 F.R.D. 404 (C.D. Cal. 2000)..................................................................7

*Powers v. Hamilton County Pub. Defender Comm'n*,
    501 F.3d 592 (6th Cir. 2007) .....................................................................11

*Reardon v. ClosetMaid Corp.*,
    No. 2:08-cv-01730, 2013 WL 6231606, at *1
    (W.D. Pa. 2013) .................................................................................5, 9, 11

*Schulken v. Wash. Mut. Bank*,
    No. 09-CV-02708-LHK, 2012 WL 28099, at *1
    (N.D. Cal. Jan. 5, 2012) .............................................................................10

*Sheller v. City of Philadelphia*,
    288 F.R.D. 377 (E.D. Pa. 2013) ..................................................................4

*Smith v. Waverly Partners, LLC*,
    No. 3:10-CV-00028-RLV, 2012 WL 3645324, at *1
    (W.D.N.C. Aug. 23, 2012) ...........................................................................8

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) .......................................................................7

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) ...................................................................10

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012)..................................................................6

*Williams v. LexisNexis Risk Mgmt., Inc.*,
    No. 3:06cv241, 2007 WL 2439463, at *1
    (E.D. Va. Aug. 23, 2007)..............................................................................4

*Yokoyama v. Midland Nat. Life Ins. Co.*,
    594 F.3d 1087 (9th Cir. 2010) ...................................................................10

**<u>STATUTES</u>**

15 U.S.C. § 1681 ..................................................................................................*passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   DEFENDANT'S TECHNICAL ARGUMENTS DO NOT SUPPORT DENIAL OF PLAINTIFF'S MOTION

### A.   Plaintiff's Motion Is Timely

Harbor Freight first argues that Plaintiff's Motion is untimely because it was filed on December 12, 2013, rather than December 9.  (Dkt. 30 at 7.)  Harbor Freight is incorrect.  Plaintiff filed his original motion on December 9, the required deadline under Local Rule 23-3.  (*See* Dkt. 26.)  That Motion contained a technical error, as Plaintiff set the hearing on the Motion more than 35 days from the date of filing.  (*See* Dkt. 27 (striking Plaintiff's Motion for that reason).)  Plaintiff's Counsel contacted the Court's Deputy Clerk regarding the proper method for correcting this error, and the Deputy Clerk's response was to re-file a new motion.  (Ex. 1, Dec. 11, 2013 email from Shannon Reilly.)  Plaintiff re-filed his Motion, correcting the hearing date to January 13, 2014 and making no other changes, the following day.  (Dkt. 28.)  Plaintiff complied precisely, in good faith, with the Deputy Clerk's instructions.

Harbor Freight further claims that Plaintiff's Motion is untimely because the Court's Scheduling and Management Order requires that the hearing be *held* within the 90-day window for filing Plaintiff's Motion for Class Certification.  (Dkt. 30 at 7–8.)  This argument is likewise incorrect, as the Court's Order imposes no such requirement.

The Court's Scheduling and Management Order requires that motions be set for hearing by the motion cut-off date, which is August 14, 2014.  (Dkt. 25 at 5, 33)  The Court's Order further states that "Motions for class certification shall be filed in accordance with Local Rule 23-3," but does not require that the hearing on such motions take place during any particular time period.  (*See id.* at 33.)  The Court's Order therefore does not state, as Harbor Freight suggests, that the date of the scheduled hearing must fall within Local Rule 23-3's 90-day window for filing motions for class certification.  (*See id.*; *see also* Dkt. 30 at 8.)  The Court's Order

requires that Plaintiff set the hearing on his Motion to take place before August 11, 2014, which Plaintiff did.  (*See* Dkt. 28 at 1.)  This is no ground for which to deny Plaintiff's Motion.

### B.  Plaintiff Complied with Local Rule 7-3 Before Filing His Motion

Harbor Freight also claims Plaintiff failed to comply with Local Rule 7-3's conference requirement, asserting a lack of "sufficient detail" in that conference "to narrow the issues for resolution."  (Dkt. 30 at 9.)  Harbor Freight's argument improperly presumes that the Local Rules place upon Plaintiff a greater burden than Harbor Freight as it pertains to the conference requirement.

During their December 2, 2013 phone conversation, Counsel for Plaintiff and Harbor Freight discussed their proposed stipulation to enlarge the deadline by which Plaintiff was to file his motion for class certification and Plaintiff's intention to file that motion on December 9, should the stipulation not be granted by that date.  (Ex. 2, Declaration of Craig C. Marchiando ("Marchiando Decl.") ¶ 2.)  Counsel for Harbor Freight indicated that Harbor Freight would oppose Plaintiff's Motion, and also expressly acknowledged that the Parties had conferred about the Motion for purposes of Local Rule 7-3.  (*Id.* ¶ 3.)  From Plaintiff's Counsel's perspective, there was nothing more to discuss regarding the Motion.  (*Id.*)

Had Counsel for Harbor Freight felt on December 2, as its Opposition brief suggests, that there was more to be discussed, Counsel should have raised any issues at that time.  Local Rule 7-3 imposes the conference and accompanying discussion requirement upon the "parties," not merely *the moving party*.  *See* L.R. 7-3.  If Harbor Freight required more detail about Plaintiff's impending Motion, its Counsel should have requested it at that time.  Counsel elected not to, sitting on its failure to take action and choosing instead to raise it as a supposed ground for denying Plaintiff's Motion.  (Dkt. 30 at 9.)  Any perceived shortcomings of the December 2 conference

fall equally upon the shoulders of Counsel for Harbor Freight, presenting no basis for denial of Plaintiff's Motion.

## II.    CLASS CERTIFICATION IS APPROPRIATE HERE

### A.    The Proposed FCRA Class[1] Is Ascertainable

Harbor Freight claims that Plaintiff's proposed Classes are not ascertainable, as the definitions supposedly require answers to factual questions to determine class membership and present an "administrative quagmire" in identifying Class Members. (Dkt. 30 at 12.)   Though Harbor Freight makes its best attempt to manufacture ascertainability problems, none exist here.

Plaintiff's class definition presents a set of objective facts against which to compare the circumstances of prospective class members and, where the definition and circumstances match, the individual is a class member.   The mere existence of factual questions regarding membership is by no means a reason to conclude a class is not ascertainable; the question is whether the class description "is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'"   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 592 (N.D. Cal. 2010) (quoting *O'Connor v. Boeing N. Am. Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)); *see Donovan v. Phillip Morris USA, Inc.*, 268 F.R.D. 1, 9 (D. Mass. 2010) (finding class ascertainable despite requirements that members have "a smoking history of twenty pack-years," and they not be under a doctor's care for lung cancer); *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 136 (S.D.N.Y. 2003) (finding ascertainability met even though class membership could be determined through

---

[1]  Plaintiff moved to certify three Classes in his Motion, but evidence Harbor Freight provided for the first time in its Opposition might preclude certification of the proposed FCRA Sub-Class and California Notice Class because Plaintiff may not have suffered an adverse action based upon a consumer report.  (*See* Dkt. 30 at 2–3.) Plaintiff therefore focuses his Reply on his proposed FCRA Class and the reasons the Court should certify that Class.

"slow and burdensome" manual review of files). Here, the FCRA Class definition is more than sufficient.

Plaintiff's proposed FCRA Class definition contains guideposts that allow the Parties to determine membership through the evaluation of objective criteria, such as Harbor Freight's procurement of a background report to make a hiring decision—and therefore the use of the disclosure form—during a particular period of time.[2] (Dkt. 1 ¶ 81.) It is difficult to envision a class definition with a more straightforward ascertainability analysis than this one—either an applicant filled-out a form like Plaintiff, or he did not. Plaintiff's FCRA Class is easily ascertainable, and Harbor Freight has failed to show otherwise.

## B. Plaintiff Supports His Class Allegations with Sufficient Evidence[3]

Harbor Freight also claims that Plaintiff provides insufficient evidentiary support for his Motion, and that Plaintiff relies on evidence improperly withheld in discovery. (Dkt. 30 at 13.) This assertion is inaccurate, as Plaintiff bases his Motion on adequate evidence that Harbor Freight either possessed or was aware of since Plaintiff filed his Complaint.

---

[2] Should the Court agree that Harbor Freight has shown that it used two vendors and two forms during the Class period, Plaintiff proposes revising the definition of the FCRA Class to include those applicants for whom Harbor Freight used the same authorization form as Plaintiff. *See Sheller v. City of Philadelphia*, 288 F.R.D. 377, 383 (E.D. Pa. 2013) ("A problematic class definition does not automatically require the district court to deny class certification; rather, the court may limit or alter the definition to remedy the problem."); *Mazzei v. Money Store*, 288 F.R.D. 45, 57 n.12 (S.D.N.Y. 2012) (noting that "courts have the discretion to alter the class definition"); *see also Williams v. LexisNexis Risk Mgmt., Inc.*, No. 3:06cv241, 2007 WL 2439463, at *10 (E.D. Va. Aug. 23, 2007) (altering class definition so that predominance was satisfied).

[3] Plaintiff has served on Harbor Freight written discovery, the responses to which are due approximately January 20, 2014, and has noticed the depositions of two Harbor Freight employees for January 7, 2014. (Ex. 2, Marchiando Decl. ¶ 4.) Should the Court conclude that certification of any of Plaintiff's proposed Classes is inappropriate, Plaintiff respectfully requests that the Court deny the Motion without prejudice so that he may re-file or supplement with additional evidence.

The key document on which Plaintiff relies for his 15 U.S.C. § 1681b(b)(2)(A) claim is the disclosure form Plaintiff signed and that Harbor Freight does not deny using for at least a portion of the Class period.  (*See* Dkt. 30 at 16 (noting Harbor Freight "did not use the same background check vendor or forms during the period seemingly at issue in this case").)  It was obvious to Harbor Freight from the outset of this case that Plaintiff possessed this document and would use it as evidence upon which to base his claims—Plaintiff cited verbatim language from the form in his Original Complaint.  (*See* Dkt. 1 ¶¶ 16–17, 24, 38–39.)  Harbor Freight has not shown any impropriety on Plaintiff's part.

As to Plaintiff's claim, the FCRA is specific in its requirement that the disclosure of an employer's intent to obtain a background report on an applicant be contained in a stand-alone document "that consists solely of the disclosure."  15 U.S.C. § 1681b(b)(2)(A).  As superfluous language such as that contained in the disclosure at issue here has been held to violate Section 1681b(b)(2)(A), *Reardon v. ClosetMaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606, at *7–8 (W.D. Pa. 2013), there is little more for the Court to consider in evaluating that claim.  The form itself is sufficient evidence to underpin certification of the FCRA Class.

## C.   The Proposed FCRA Class Meets the Numerosity Standard

Harbor Freight claims numerosity is not met here because Plaintiff bases his arguments on assumptions alone, and further that he fails to demonstrate that joinder is impracticable.  (Dkt. 30 at 14–15.)  Harbor Freight again presents a faulty argument, as Plaintiff's evidence is sufficient to meet numerosity.

It has long been the rule that the Court may "*infer* that numerosity is satisfied based on the particular facts of the case." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 449 (E.D. Cal. 2013) (citing *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988), emphasis added).  As the *Monterrubio* court explained, the Court may infer numerosity where "it is readily apparent that the size of the potential

class would make joinder impossible" and, further, "the geographical disbursement of class members outside of one district also increases the impracticability of joinder, and thus weighs in favor of finding numerosity." *Id.* at 262. Here, there are sufficient facts for the Court to conclude numerosity exists.

As explained above, Harbor Freight does not deny using the disclosure form Plaintiff signed, and it further admits to using A-Check, the agency that provided its background checks and the form, between August 2002 and June 2012. (*See* Dkt. 30-1 at 3 ¶ 3[4]; *see also* Dkt. 28-3.) The period for the proposed FCRA Class is up to five years preceding the filing of the Complaint, and continuing through the pendency of the case. (Dkt. 1 ¶ 81); *see* 15 U.S.C. § 1681p. In addition, while Harbor Freight states that it now uses a vendor that provides a different form authorization than did A-Check, it does not claim that the A-Check form changed during its relationship with A-Check. (Dkt. 30 at 2.) There is therefore evidence suggesting Harbor Freight used the form Plaintiff signed during multiple years of the Class period.

Harbor Freight further states that it operates more than 460 retails stores across the United States. (Dkt. 30 at 1.) The authorization form, on its face, is aimed at use by applicants in at least California, Minnesota, and Oklahoma. (Dkt. 28-3.) It is therefore reasonable for the Court to conclude that numerosity is met by Harbor Freight's use of A-Check's form for multiple years and in at least three states. Such facts suggest that there are more than 40 members of the FCRA Class, and that they are sufficiently disbursed to make joinder impracticable. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 473 (C.D. Cal. 2012) ("A proposed class of at least forty members presumptively satisfies the numerosity requirement."); *see also Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982) (finding numerosity satisfied for classes with 39, 64, and 71 people, and further noting that

---

[4]   In referencing Document 30-1, Plaintiff uses the page numbers in the header affixed by the Clerk upon electronic filing.

numerosity would be met "solely on the basis of the number of ascertained class members"), *vacated on other grounds*, 459 U.S. 810 (1982); *Monterrubio*, 291 F.R.D. at 449 (finding that putative class members' location in the four federal districts of California "weighs in favor of finding numerosity").

### D.   Plaintiff's Claims Are Typical of FCRA Class Members' Claims

Harbor Freight also argues that Plaintiff's claims are not typical of the claims of proposed FCRA Class Members because "HFT's evidence shows it did not use the same background check vendor or forms during the period seemingly at issue in this case." (Dkt. 30 at 16.) But where Harbor Freight did use the same form across Class Members, Plaintiff's claims would be more than typical of Class Members' claims—they would be identical.

"The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 412 (C.D. Cal. 2000) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc)). Plaintiff's claims as to the proposed FCRA Class are based upon the superfluous language that the form disclosure contains. (Dkt. 1 ¶¶ 81, 90–93.) Thus, if the Court concludes that the inclusion of this language in the forms of Plaintiff and FCRA Class Members indeed violates 15 U.S.C. § 1681b(b)(2)(A), then the claims of all FCRA Class Members are satisfied by classwide proof. Typicality is therefore met, as the injury to Class Members is identical, based upon uniform conduct, and which injured other Class Members. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012).

### E.   Plaintiff is an Adequate Class Representative

As to adequacy of representation, Harbor Freight argues that Plaintiff fails to meet this requirement because, as with typicality, his claims are unique and therefore render him inadequate to represent individuals whose factual circumstances were

1   different.  (Dkt. 30 at 18.)  But, as set forth above, Plaintiff's claims are identical to

2   those of members of the FCRA Class.  He is therefore adequate to represent them.

3   Additionally, Plaintiff has shown that he is a member of the proposed FCRA

4   Class, and that he suffered the same injury—being presented with the A-Check form

5   upon application at Harbor Freight—as all other individuals who received this same

6   form.  Plaintiff has further committed to vigorously represent members of the

7   proposed Classes (Dkt. 28-7 ¶ 5), making him eminently adequate as a Class

8   Representative.  *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1995).

9   **F.    Harbor Freight Does Not Rebut Plaintiff's Showing of Commonality**

10   Regarding commonality, Harbor Freight contends that Plaintiff's class claims

11   do not "turn on a single issue that may be resolved 'in one stroke,'" meaning there

12   "are no common answers to Plaintiff's supposedly common questions."  (Dkt. 30 at

13   19.)  Harbor Freight is again incorrect, as Plaintiff's claim regarding the disclosure

14   form presents common questions that rise or fall based on classwide evidence.

15   Plaintiff presents a simple, straightforward claim regarding Harbor Freight's

16   disclosure form—the inclusion of the additional language Plaintiff identifies in his

17   Complaint (Dkt. 1 ¶¶ 16–17) either violates Section 1681b(b)(2)(A) or it does not.

18   The inquiry and legal analysis would be the same for every individual that received

19   the form.  Common questions, therefore, include whether Harbor Freight's disclosure

20   document was a "stand alone" document that contained a "clear and conspicuous"

21   disclosure as required by Section 1681b(b)(2)(A), and whether the disclosure is made

22   in a document that consists solely of the disclosure.  *See* 15 U.S.C. § 1681b(b)(2)(A).

23   It is difficult to envision a class that more adequately satisfies the commonality

24   requirement than the FCRA Class.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

25   1019 (9th Cir. 1998) (noting commonality "has been construed permissively").

26   Further, there will be no individualized inquiries here.  Should the Court

27   conclude that the superfluous language indeed violates the FCRA, then all that is

28

8

necessary is to determine the identities of Class Members.  Harbor Freight certainly retains applicant files, as it provided evidence for its Opposition that contains the background check performed on Plaintiff.  (*See* Dkt. 30-1 at 8–9.)  There could not be a more direct, common way in which to establish liability and, should it become necessary, to determine Class membership.

Harbor Freight's reliance on *Smith v. Waverly Partners, LLC*, No. 3:10-CV-00028-RLV, 2012 WL 3645324, at *6 (W.D.N.C. Aug. 23, 2012) as supposedly showing the need for individual inquiries is misplaced. (*See* Dkt. 30 at 5–6, 21.)  In that case, the issue of a violation of Section 1681b(b)(2)(A) by the inclusion of waiver language in a disclosure was not before the court.  Rather, after concluding that the plaintiff made *no FCRA claims on which relief could be granted*, the court's discussion of Section 1681b(b)(2)(A) focused on the enforceability of the waiver contained in the disclosure.  *Id.* at *5–6.  During that discussion, the *Smith* court commented, in support of Plaintiff's claim here, that:

> [S]ection 1681b(b)(2)(A) is obviously protective of the disclosure statement's informational segregation. Therefore, in order to give Congress's inclusion of the word "solely" meaningful effect, *the Court agrees that inclusion of the waiver provision was statutorily impermissible* and that the waiver is therefore invalid.

*Id.* at *6 (emphasis added).[5]  *Smith* does not show that individual inquiries would stifle the Court's commonality analysis.

### G.   The Damages Inquiry Will Be Simple and Classwide

Harbor Freight also inaccurately claims that Plaintiff fails to show that common issues will predominate as required by Rule 23(b)(3) because "class

---

[5]   On the other hand, Harbor Freight's briefing fails to even address the most applicable authority interpreting a Section 1681b(b)(2)(A) violation, *Reardon*, 2013 WL 6231606, at *7–8. (*See generally* Dkt. 30.)  While it is obvious why there is no discussion of *Reardon*, the failure is particularly noteworthy since the same law firm that represented ClosetMaid in *Reardon* represents Harbor Freight here.

members will be seeking actual damages under the FCRA." (*See* Dkt. 30 at 20, 23.) Harbor Freight supposedly obtained this information from Plaintiff's Initial Disclosures, which is incorrect.

Plaintiff's Complaint makes clear that he seeks statutory and punitive damages for Harbor Freight's willful FCRA violations (Dkt. 1 ¶¶ 78, 91–93, 95–97, 100–02, 105–07), and his disclosures reaffirm his pursuit of statutory damages. (Dkt. 30-1 at 14.) Ninth Circuit courts have routinely certified classes where the plaintiff seeks statutory damages. *See, e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012) (certifying statutory-damages class under TCPA ); *Holman v. Experian Info. Solutions, Inc.*, No. C 11–0180 CW, 2012 WL 1496203, at *17 (N.D. Cal. Apr. 27, 2012) (granting certification to class under FCRA); *see also Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-LHK, 2012 WL 28099, at *14 (N.D. Cal. Jan. 5, 2012) (holding that "because Plaintiffs seek statutory damages, individual damage issues will not predominate"). While Plaintiff unequivocally belies Harbor Freight's claim that Plaintiff seeks actual damages, even if Harbor Freight were correct, certification would not be defeated.

Contrary to Harbor Freight's position, courts have repeatedly held that individual damage inquiries do not, standing alone, defeat class certification. As the Ninth Circuit has explained, regarding the need to calculate damages individually:

> In this circuit, however, *damage calculations alone cannot defeat certification*. We have said that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." Thus, because there are no individualized issues sufficient to render class certification inappropriate under Rule 23, class issues predominate.

*Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) (emphasis added, citations omitted); *see Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1026 (9th Cir. 2011) ("We have held that the mere fact that there might be differences in damage calculations is not sufficient to defeat class certification.").

Thus, even if Plaintiff *were* seeking actual damages, predominance would still be met.

### H.  A Class Action is the Superior Way of Resolving These Claims

Finally, Harbor Freight claims that Plaintiff cannot show superiority because of the lack of "a viable trial plan or expert report to support his argument that class certification is appropriate." (Dkt. 30 at 24.)  It further argues that Plaintiff has failed to show that claims and defenses can be shown through representative proof. (*Id.*)

In trying this case for claims of the FCRA Class, as discussed above, all that would be required as to liability is to examine Harbor Freight's disclosure form against the Section 1681b(b)(2)(A) prohibition of additional language and the analysis of *Reardon*.  Should that inquiry result in a finding of liability, then the question of whether Harbor Freight's conduct was willful will establish whether statutory and punitive damages may be assessed.  *See* 15 U.S.C. § 1681n(a)(1)(A) (setting damage range for willfulness at between $100 and $1,000 per violation).  If the jury concludes that Harbor Freight indeed acted willfully, it may assess damages within the statutory range, and the Court would then determine any amount of punitive damages.  *Id.*; *see also id.* § 1681n(a)(2) (permitting an award of "such amount of punitive damages as the court may allow"). There is nothing about the trial of this case that should stand in the way of a finding of superiority.  *See Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("Cases alleging a single course of wrongful conduct are particularly well-suited to class certification.").

In addition, courts have held that class-action status is appropriate where class member damages are small.  *Agne*, 286 F.R.D. at 571 ("The policy 'at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive' for individuals to bring claims."); *see Astiana v. Kashi Co.*, 291 F.R.D. 493, 507 (S.D. Cal. 2013) (finding superiority met, noting "[w]here a case

11

involves multiple claims for relatively small individual sums, some plaintiffs may not be able to proceed as individuals because of the disparity between their litigation costs and what they hope to recover"). Such is the case here, as it is not readily apparent how, or in what amount an individual would suffer actual damages from an employer's inclusion of superfluous language such as that identified here in a background-check disclosure form. Thus, Class Members would be left to pursue statutory damages, capped at $1,000. 15 U.S.C. § 1681n(a)(1)(A). The alternative to this class action would be hundreds or thousands of lost claims or, if consumers knew about Harbor Freight's violations and could find counsel to take on individual cases with so little at stake, the same number of individual lawsuits with the potential for inconsistent judgments that stand to overwhelm already strapped court dockets and resources. Under such circumstances, a class action is undoubtedly the superior means by which to resolve this dispute. *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009) (noting, in superiority analysis, that "[i]f every plaintiff has to bring his or her own action against Defendants, there is a substantial danger of inconsistent findings and judgments"). Harbor Freight again has not shown otherwise, making certification of the FCRA Class appropriate.

## III.   CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's earlier briefing, the Court should grant Plaintiff's motion for an order certifying this action as a class action on behalf of the proposed FCRA Class.

Date:  December 30, 2013                          Respectfully submitted,

                                        By:   /s/ Michael A. Caddell
                                              Michael A. Caddell (SBN 249469)
                                              mac@caddellchapman.com
                                              Cynthia B. Chapman (SBN 164471)
                                              Craig C. Marchiando (SBN 283829)
                                              1331 Lamar, Suite 1070
                                              Houston TX  77010
                                              Telephone:  (713) 751-0400
                                              Facsimile:  (713) 751-0906

                                              Devin H. Fok (SBN 256599)
                                              **THE LAW OFFICES OF DEVIN H. FOK**
                                              P.O. Box 7165
                                              Alhambra CA 91802-7165
                                              Telephone: (310) 430-9933
                                              Facsimile: (323) 563-3445
                                              devin@devinfoklaw.com

                                              Leonard A. Bennett (*pro hac vice filed*)
                                              Matthew J. Erausquin (SBN 255217)
                                              **CONSUMER LITIGATION ASSOCIATES, P.C.**
                                              763 J. Clyde Morris Blvd., Suite 1A
                                              Newport News VA 23601
                                              Telephone:  (757) 930-3660
                                              Facsimile:  (757) 930-3662

                                              ***Attorneys for Plaintiff***

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the Clerk of the Court for the Central District of California using the CM/ECF system. The CM/ECF system sent notice of this filing to the following Counsel of Record:

EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletreedeakins.com
AARON H. COLE. CA Bar No. 236655
aaron.cole@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

***Attorneys for Defendant***
***HARBOR FREIGHT TOOLS USA, INC.***


　　　　　　　　　　　　　 /s/ Craig C. Marchiando
　　　　　　　　　　　　　Craig C. Marchiando