Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (SBN 256599)
**DHF LAW**
P.O. Box 7165
Alhambra CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
devin@devinfoklaw.com

Leonard A. Bennett (*pro hac vice filed*)
Matthew J. Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Attorneys for Plaintiff Gary L. Smith and the Settlement Class*

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| **GARY L. SMITH, JR.,** on behalf of himself and all others similarly situated,<br><br>       **Plaintiff,**<br><br>   vs.<br><br>**HARBOR FREIGHT TOOLS USA, INC.,**<br><br>       **Defendant.** | No. 2:13-cv-06262-JFW-VBK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES, CLASS REPRESENTATIVE SERVICE AWARD, AND DISMISSING LITIGATION WITH PREJUDICE**<br><br>Hearing: January 26, 2015 at 1:30 p.m.<br>Action Filed: August 27, 2013<br>Hon. John F. Walter |

1

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Gary L. Smith, Jr. has moved the Court for Final Approval of a settlement for a class of consumers whose rights were allegedly violated by Defendant Harbor Freight Tools USA, Inc.'s ("Defendant") use of consumer reports in its hiring process. Having considered Plaintiff's Motion, the applicable law, the comments of Class Members, if any, and the record in this case, the Court concludes that the Motion should be GRANTED.

IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the lawsuit and all settling Parties hereto.

## I. THE SETTLEMENT CLASS

The Court hereby certifies the following Settlement Class, for final settlement purposes, of which the Plaintiff is a member:

> All of Defendant's employees, or prospective employees, in the United States who were the subject of a consumer report obtained by Defendant from A-Check America between August 27, 2011 and September 8, 2014.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

### A. The Settlement Class Satisfies Rule 23

#### 1. The Settlement Class is ascertainable

Although absent from Rule 23, courts impose a prerequisite that the proposed class be ascertainable if it is to be certified. *In re Northrop Grumman Corp. ERISA Litig*, No, CV-06-06213, 2011 WL 3505264, at *7 n.61 (C.D. Cal. Mar. 29, 2011) (internal quotation omitted). To meet that stricture, "[a] class definition should be precise, objective, and presently ascertainable." *Evans v. IAC/Interactive Corp*., 244 F.R.D. 568, 574 (C.D. Cal. 2007) (quotations omitted). Ascertainability is satisfied when it is "administratively feasible for the court to determine whether a particular individual is a member." *In re Northrop Grumman*, 2011 WL 3505264, at *7 n.61 (quotation omitted).

2

The Class is objectively defined so that members may be ascertained by reference to Defendant's or A-Check's records of consumer reports run on applicants and employees. Defendant has identified 12,234 individuals who comprise the Class, meaning that they are ascertainable. Ascertainability is confirmed by the fact that the Settlement Administrator was able to mail notice to Class Members. As the identification of Settlement Class Members is a proven, straightforward task, the ascertainability requirement is satisfied. *Brown v. NFL Players Ass'n*, 281 F.R.D. 437, 441 (C.D. Cal. 2012) ("A class is identifiable and ascertainable if it is 'administratively feasible for the court to ascertain whether an individual is a member.'").

### 2. The Settlement Class meets the requirements of Rule 23(a)

#### a. Numerosity under Rule 23(a)(1) is met

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting FED. R. CIV. P. 23(a)(1)). There is no set rule on exactly how many potential class members are required, but "[a]s a general rule, . . . classes of 20 are too small, classes of 20–40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough." *Keegan*, 284 F.R.D. at 522 (quotations omitted).

Here, the 12,234 Settlement Class Members easily meet the numerosity requirement.

#### b. There are common questions of law and fact

Commonality is satisfied if the plaintiffs assert claims that "depend upon a common contention . . . capable of classwide resolution—which means that a determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). "[E]ven a single common question will do." *Id.*

3

Common questions of law and fact bind all members of the Settlement Class, and these questions predominate over the questions affecting only individual members. These common legal and factual questions include at least:

- Whether Defendant's consumer report process included a standalone document that contained only the "clear and conspicuous" disclosure mandated by section 1681b(b)(2)(A);

- Whether Defendant's consumer report process violated section 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure; and

- Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

Commonality is therefore satisfied.

### c. Plaintiff's claims are typical of those of Settlement Class Members

"The purpose of the typicality requirement is to assure that the interests of the named representative align with the interests of the class." *Wolin*, 617 F.3d at 1175 (quotations omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named Plaintiff, and whether other class members have been injured by the same course of conduct." *Id.* at 1175 (quotations omitted). Like commonality, courts interpret typicality permissively. *In re Northrop Grumman*, 2011 WL 3505264, at *9 (quotations omitted).

Smith's claims here are typical of those of other Settlement Class Members. Smith and all members of the Settlement Class applied to work at, or were employed by, Defendant, and were all subject to Defendant's uniform, consumer report process. Smith and the Class Members have allegedly been damaged by the same alleged wrongful conduct by Defendant, under the same FCRA-based legal theories. The circumstances here meet the typicality requirement.

### d. Plaintiff and his Counsel will adequately represent the Settlement Class

The Court's analysis in determining whether a proposed class representative will fairly and adequately protect the interests of the class involves two questions. First, do the proposed class representative and his counsel "have any conflicts of interest with other class members?" *Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 288, (C.D. Cal. 2011) (quotations omitted). Second, will the proposed class representative and his counsel "prosecute the action vigorously on behalf of the class?" *Id.*

Plaintiff Smith is an adequate representative of the Settlement Class because his interests do not conflict with those of the Settlement Class Members. He has committed to vigorously pursue this litigation such that it obtains the best recovery for himself and members of the Settlement Class he seeks to represent. To that end, Plaintiff Smith has retained competent counsel experienced in complex class action litigation under the FCRA, and with the financial resources to see this case through to its most-favorable conclusion. The Court therefore concludes that the adequacy of representation requirement is met.

### 3. The Settlement Class also meets the predominance and superiority requirements of Rule 23(b)

Rule 23(b)(3) requires that the Court conclude that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *Mevorah v. Wells Fargo Home Mortgage*, 571 F.3d 953, 959 (9th Cir.

2009). The efficiency, fairness, and superiority of a class action are lost if the material issues of law and fact must be resolved on an individual basis. *See Valentino v. Carter-Wallace*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy.")

This case presents basic, overriding questions of law and fact common to the Settlement Class that are susceptible to classwide proof of Defendant's procurement and use of consumer reports in its hiring process. Plaintiff has alleged uniform practices regarding Defendant's consumer report processes, and the briefing in support of Plaintiff's Motion substantiates those allegations sufficiently for settlement purposes. The issues of law and fact arising from Defendant's supposed uniform processes predominate over any individual issues.

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin*, 617 F.3d at 1175 (quoting 7AA WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 1779 at 174 (3d ed. 2005).) Class actions are designed to enable plaintiffs to "vindicate the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 n.11 (1981).

Superiority is met here. Defendant has allegedly violated the rights of a large number of geographically dispersed individuals such that the cost of pursuing individual litigation to seek recovery against Defendant is not feasible. Even should the proposed Settlement Class Members become aware of their rights and seek to pursue them, a multiplicity of lawsuits will result in an inefficient administration of this controversy and needlessly expend a great deal of judicial resources. Certification of the Settlement Class for settlement purposes is therefore favored as the superior method of resolving this controversy.

### III. SETTLEMENT BENEFITS, FINAL FUND AMOUNT, AND *CY PRES*

Class Members had the choice of receiving either a cash payment in the gross amount of $80, or a Harbor Freight Gift Card in the gross amount of $100. (Dkt. 42-4 § 7.1.) 333 Class Members chose the gift-card option, which—per the Parties' Agreement—makes the final Settlement Fund $1,040,000.

If more than $26,000 remains in the Settlement Fund after 90 days from the date the Settlement Administrator mails checks to Class Members, after payment to the Settlement Administrator of additional mailing and administration expenses, the unused funds will be redistributed pro-rata to Settlement Class Members who obtained their original benefits by check and who also cashed those checks. (*Id.* § 7.3.1.) Any funds remaining after this redistribution shall be donated to the Parties' agreed-upon *cy pres* recipient. (*Id.*)

### IV. APPOINTMENT OF CLASS REPRESENTATIVE AND SETTLEMENT CLASS COUNSEL

Pursuant to Rule 23, the Court appoints Plaintiff Gary L. Smith as the Class Representative for the Settlement Class. The Court finds Plaintiff Smith has no interests that are adverse or antagonistic to the interests of the Settlement Class, and that he shares a common interest with Settlement Class Members of pursuing their FCRA rights against Defendant.

Having considered the work performed by Settlement Class Counsel in identifying and investigating potential claims, Settlement Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, Settlement Class Counsel's knowledge of the applicable law, and the resources Settlement Class Counsel has and will continue to commit to representing the Class, the Court affirms the appointment of Settlement Class Counsel under Rule 23(g)(1): Michael A. Caddell, Cynthia B. Chapman, and Craig C. Marchiando, of Caddell & Chapman; Leonard Bennett and Matthew

Erausquin of Consumer Litigation Associates, P.C.; and Devin H. Fok, of the Law Offices of Devin H. Fok.

## V. CLASS NOTICE

McGladrey LLP, the Court-appointed Settlement Administrator here, successfully mailed the Court-approved notice to 11,334 Settlement Class Members. The Court previously concluded that the form and method for notifying the proposed Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to the notice. (Dkt. 51 at 7–8.) Nothing has changed in this regard, compelling the conclusion that the Class has received the best notice of the Settlement practicable under the circumstances. FED. R. CIV. P. 23(e)(1).

As per the Parties' Agreement, the Court orders that the costs of Settlement administration incurred by McGladrey thus far and through completion of its duties be paid from the Settlement Fund created by Defendant to resolve this litigation. (Dkt. 42-4 § 8.3.1.)

## VI. EXCLUSIONS FROM THE SETTLEMENT CLASS

The Settlement Administrator has advised the Court that one individual has opted-out of the Settlement:

> Jose Perez
> 2 Hudson St.
> Coram, NY 11727-1720

Mr. Perez will therefore not be bound by the Settlement, nor his claims against Defendant released as described below.

## VII. OBJECTIONS TO THE SETTLEMENT

There are no objections to the Settlement.

8

## VIII. FINAL APPROVAL OF SETTLEMENT

The Court will approve a class action settlement if it is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1). When examining settlements, a presumption of fairness exists when: (1) settlement is reached through arm's-length bargaining, (2) investigation and discovery are sufficient to allow counsel and court to act intelligently, and (3) counsel is experienced in similar litigation. 4 *Newberg* §11.41; *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 450 (C.D. Cal. 2014).

Nothing has changed since the Court's preliminary approval of the Settlement. The Court therefore confirms that the Settlement, on the terms and conditions set forth in the Settlement and Release Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued. Final approval of the Settlement is therefore appropriate.

## IX. RELEASE OF CLAIMS

With the exception of Mr. Perez, all Settlement Class Members are bound by this Order and release their claims against Defendant. As set forth in the Parties' Settlement Agreement:

> Upon the Effective Date, Settlement Class Members, including any persons who did not validly opt out of the Settlement, on behalf of themselves and their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns, and all those acting, or purporting to act, on their behalf completely, finally and forever release and discharge the Released Parties of, and from, any and all claims, causes of actions, demands, debts, obligations, damages, or liability asserted in the Litigation, including any claims, causes of actions, demands, debts, obligations, damages or liability arising under the FCRA and FCRA State Equivalents for alleged damages,

> including statutory damages, punitive damages, actual damages, and attorneys' fees, costs, expenses, interest, settlement administrator costs, service awards, and any other monetary or injunctive claims or relief.

(Dkt. 42-4 § 9.1.) The failure of a Class Member to accept any of the benefits provided by the Settlement shall not impact nor diminish the enforceability of this release of claims.

## X. AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD

By separate Motion filed December 18, 2014, Plaintiff has requested, and Defendant does not oppose, that the Court award 30% of the Settlement Fund—$367,020—as attorneys' fees and expenses incurred in pursuing this matter. (Dkt. 52.) In the class notice, the Parties advised the Class that Plaintiff would seek 30% of the fund as his Counsel's attorneys' fees and expenses, and no Class Member has objected to that amount.

The Court concludes that 30% of the Settlement Fund is an appropriate award for Counsel's efforts on behalf of the Class. Counsel took a case with significant risk on a contingent-fee basis, relying on their collective skill as FCRA and class action practitioners to attain success. In the face of strong defenses from Defendant, Class Counsel successfully negotiated a settlement that provides genuine, cash relief to consumers who are unlikely to have discovered the alleged violations on their own or to find lawyers likely to take the case on individual bases. Counsel should be rewarded for their efforts, and the Court concludes that the requested $367,020 for fees and expenses is reasonable compensation. *See Hicks v. Toys "R" Us-Delaware, Inc.*, No. CV13–1302–DSF (JCGx), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014) (awarding 30% of the common fund as reasonable); *Elliott v. Rolling Frito-Lay Sales, LP*, No. SACV 11-01730 DOC, 2014 WL 2761316, at *10 (C.D. Cal. June 12, 2014) (awarding 30% of the common fund as attorneys' fees even though "the case was resolved very early in

litigation" and percentage was 1.73 times counsel's lodestar); *Weeks v. Kellogg Co.*, No. CV 09–08102(MMM)(RZx), 2013 WL 6531177, at *30 (C.D. Cal. Nov. 23, 2013) (finding a 30% fee as reasonable under the circumstances, and collecting cases awarding between 28 and 33 1/3% of common funds); *see also Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 450 (E.D. Cal. 2013) (awarding 33% of the total settlement amount as fees and collecting cases awarding a minimum of 30%); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (approving of the *Activision* court's assessment that "where a court adopts the percentage method, 'absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%'"); *In re Activision Sec. Litig*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (noting a fee-award benchmark of approximately 30% of the common fund); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297 (N.D. Cal. 1995) (concluding fee awards of thirty percent to fifty percent are more typical when the common fund is less than $10,000,000).

Crosschecking the 30% fee award against Counsel's accumulated lodestar confirms that the fee is reasonable and by no means a windfall for Class Counsel. Counsel has provided the Court with its hourly rates billed in this case and approved by other Courts in awarding fees, and further has provided the Court with the tasks completed and hours expended in doing so. The total attorneys' fees and expenses Class Counsel accumulated in this case exceeds the amount Counsel seeks from the Settlement Fund, meaning there is no multiplier attached to the award. In light of these facts, the Court is satisfied that the hourly rates of Class Counsel and the time accumulated in pursuing this case are reasonable, and awards Counsel the requested fee and expense amount of $367,020, payable from the Settlement Fund.

Plaintiff has also requested a service award of $2,500 for his role as a Class Representative. (Dkt. 52.) Such awards are commonplace in class actions, and this

11

1  request is far smaller than what is typically awarded. The Court therefore
2  concludes that a $2,500 award is appropriate to Plaintiff, to be paid from the
3  Settlement Fund according to the Parties' agreement.

4  **XI.   CONCLUSION**

5  For the foregoing reasons, Plaintiff's Motion for Final Approval of Class
6  Action Settlement is GRANTED. The Settlement Class, defined above, is finally
7  certified for settlement purposes only under Rule 23(b)(3). Further, Plaintiff Gary
8  L. Smith, Jr. is appointed representative of the Settlement Class, and the law firms
9  of Caddell & Chapman, Consumer Litigation Associates, and the Law Office of
10 Devin H. Fok are appointed Settlement Class Counsel.

11 Class Counsel is awarded fees and expenses in the amount of $367,020, and
12 Plaintiff Gary Smith is awarded a service award of $2,500.

13 The claims of Plaintiff and Class Members who have not excluded
14 themselves from the Settlement are herby dismissed with prejudice.

15 Date: January 26, 2015

_____
John F. Walter
UNITED STATES DISTRICT JUDGE

12